UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:21-cv-24057-CMA

NAPOLEON SARDINAS

    Plaintiff,

v.

TRS RECOVERY SERVICES, INC.,

    Defendant.

_____/

## JOINT SCHEDULING REPORT

Plaintiff Napoleon Sardinas and Defendant TRS Recovery Services, Inc. (collectively, the "Parties") submit this Joint Scheduling Report and request that this case be assigned an *expedited* Case Management Track.

**CONFERENCE REPORT**

(A)    LIKELIHOOD OF SETTLEMENT

The Parties agree to keep settlement discussions open.

(B)    LIKELIHOOD OF APPEARANCE OF ADDITIONAL PARTIES

The Parties do not anticipate the appearance of any additional plaintiffs or defendants.

(C)(i)    PROPOSED DEADLINE TO AMEND OR JOIN ADDITIONAL PARTIES

The Parties propose: December 17, 2021.

(C)(ii)    PROPOSED DEADLINE TO FILE DISPOSITIVE MOTIONS

The Parties propose: July 15, 2022.

(C)(iii)    PROPOSED DEADLINE FOR COMPLETION OF DISCOVERY

The Parties propose: June 28, 2022.

(D)   PROPOSALS FOR THE FORMULATION AND SIMPLIFICATIONS OF ISSUES

The Parties agree to cooperate in trying to simplify the issues through discovery.

(E)   LIKELIHOOD OF AMENDMENTS TO THE PLEADINGS

Plaintiff does not anticipate amending the pleadings. Defendant anticipates potentially amending its affirmative defenses.

(F)   POSSIBILITY OF FACTUAL AND/OR DOCUMENT ADMISSION(S) TO AVOID UNNECESSARY PROOF

The Parties will seek and obtain admissions of fact, make appropriate stipulations, and exchange documents which will avoid unnecessary proof in this action. The Parties will work to agree on authentication of relevant documents, such as the Collection Letter identified in the operative Complaint, and reserving arguments as to interpretation of such documents. At this time, there is no need for any advance rulings with respect to admissibility of evidence.

(G)   SUGGESTIONS OF THE AVOIDANCE OF UNNECESSARY PROOF AND CUMULATIVE EVIDENCE

The Parties shall attempt to streamline the presentation of evidence to advance the case to trial, and to minimize the duration of the proposed trial, as to those facts and evidence where there is no dispute, such as, for example, Defendant's status as a "debt collector" governed by the FDCPA.

(H)   REFERRING MATTERS TO A MAGISTRATE JUDGE

The Parties agree to referring discovery disputes and other non-dispositive matters, such as motions for attorneys' fees, to a Magistrate Judge.

(I)   ESTIMATE OF THE TIME REQUIRED FOR TRIAL

The Parties believe that trial will take 1-2 days.

(J)   REQUESTED DATE FINAL PRETRIAL CONFERENCE AND TRIAL

The Parties request that the final pretrial conference be scheduled for September 12, 2022, with the two-week trial period beginning on September 15, 2022.

(K)   ANY OTHER INFORMATION THAT MIGHT BE HELPFUL TO THE COURT

Plaintiff seeks to remand this case to State Court, as Defendant, the party responsible for invoking this Court's jurisdiction, has not satisfied the existence of Article III standing with respect to Plaintiff.

Defendant intends to file a motion to stay pending the en banc decision in *Hunstein v. Preferred Collection and Management Services, Inc.*, No. 19-14434, which was ordered for rehearing en banc by the Eleventh Circuit on November 17, 2021. The prior *Hunstein* panel decision formed the basis of Plaintiff's lawsuit (*see* Doc. 1-2, Ex. A p. 17), and as such, the outcome of the en banc rehearing is expected to be dispositive of the present case, or otherwise limit the scope of the issues to be tried. Moreover, until the *Hunstein* appeal is resolved, it would be inefficient to decide subject matter jurisdiction or consider Plaintiff's motion to remand given that this precise issue is currently under consideration by the Eleventh Circuit. Defendant proposes a stay of the case until the Eleventh Circuit issues its decision in *Hunstein*. Accordingly, Defendant's agreement with the proposed schedule is subject to this Court's ruling on Defendant's motion to stay.

Plaintiff does not oppose the stay sought by Defendant; however, before this Court can stay this case, it must be determined that this Court has subject matter jurisdiction for the reasons set forth in Plaintiff's forthcoming Motion to Remand. Defendant's position is that a motion to remand for lack of subject matter jurisdiction is premature in light of the pending *Hunstein* appeal.

## DISCOVERY PLAN

(A)  <u>TIMING, FORM, AND/OR REQUIREMENT OF RULE 26(A) DISCLOSURES</u>

The Parties do not believe any changes should be made to required disclosures.

(B)  <u>DISCOVERY SUBJECTS, COMPLETION DATE, AND/OR LIMITATIONS</u>

The Parties anticipate taking discovery on the issues raised in the pleadings as permitted under the Federal and Local Rules. Plaintiff anticipates discovery will be needed with respect to: **[1]** the identify of each third-party that Defendant unlawfully communicated with, as alleged by Plaintiff, in violation of 15 U.S.C. § 1692c(b); **[2]** the services provided by each such third-party; *and* **[3]** the documents and information maintained, and kept up-to-date within seven (7) days, by Defendant involving Plaintiff.

The Parties do not believe discovery should be conducted in phases or limited to any specific issues.

(C)  <u>ISSUES CONCERNING ELECTRONICALLY STORED INFORMATION</u>

The Parties will produce documents in paper or Adobe .PDF format. If a document is not translatable to .PDF, then the Parties will produce in native format.

(D)  ISSUES CONCERNING DISCLOSURE OF PRIVILEGED INFORMATION

The Parties agree that the inadvertent disclosure of information protected by the attorney-client and/or work-product privilege shall not constitute a waiver of an otherwise valid claim of privilege. A party that receives privileged information shall return it to the other party immediately upon discovery of the privileged information and without retaining a copy. The parties will comply with the Court's rules governing redaction of account and social security numbers.

(E)  CHANGES AND LIMITATIONS ON DISCOVERY

The Parties do not seek any changes to the limitations on discovery imposed by the Rules. The Parties reserve their rights to amend this response as necessary.

(F)  NEED FOR ORDERS WITH RESPECT TO RULE 26(c), RULES 16(b) AND (c)

None.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

Respectfully Submitted,

| | |
|---|---|
| /s/ Thomas J. Patti | /s/ Gillian Williston |
| **JIBRAEL S. HINDI, ESQ.** | **GILLIAN WILLISTON, ESQ.** |
| Florida Bar No.: 118259 | Florida Bar No.: 14270 |
| E-mail: jibrael@jibraellaw.com | E-mail: Gillian.Williston@troutman.com |
| **THOMAS J. PATTI, ESQ.** | Troutman Pepper |
| Florida Bar No.: 118377 | 222 Central Park Avenue, Suite 2000 |
| E-mail: tom@jibraellaw.com | Virginia Beach, VA 23462 |
| The Law Offices of Jibrael S. Hindi | Phone: 757-687-7517 |
| 110 SE 6th Street, Suite 1744 | |
| Fort Lauderdale, Florida 33301 | |
| Phone: 954-907-1136 | |
| Fax:    855-529-9540 | *COUNSEL FOR DEFENDANT* |
| | |
| *COUNSEL FOR PLAINTIFF* | |